UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

DESIREE CLAUDIO-DIAZ,  CASE NO.:

    Plaintiff,

vs.

NEIGHBORHOOD ASSISTANCE
CORPORATION OF AMERICA,
a Foreign Not for Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, DESIREE CLAUDIO-DIAZ ("Ms. Claudio-Diaz" or "Plaintiff"), by and through her undersigned counsel, sues the Defendant, NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA ("NACA" or "Defendant") and alleges the following:

1. Plaintiff brings these claims against Defendant for religious discrimination and retaliation in violation of Title VII of the Civil Rights Act ("Title VII"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

**JURISDICTION AND CONDITIONS PRECEDENT**

2. This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331, as they arise under federal law, pursuant to Title VII, and the actions giving rise to this lawsuit occurred in St. Lucie County, Florida.

3. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR")

on or about December 17, 2021, alleging discrimination and retaliation based on religion against Defendant.

4. On February 15, 2022, Plaintiff received the EEOC's Notice of Right to Sue, giving Plaintiff the right to bring civil action on her claims within 90 days of her receipt of same.

5. Plaintiff timely files this lawsuit, and has complied with all administrative prerequisites.

6. All conditions precedent to this action have been satisfied and/or waived.

## VENUE

7. Venue is proper because Defendant conducts substantial business in St. Lucie County, Florida, and Plaintiff would have worked for Defendant in St. Lucie County, Florida, where the actions at issue took place.

## PARTIES

8. Plaintiff, who is an adult female, is protected by Title VII because:

    a. She suffered discrimination and retaliation by Defendant on the basis of her sincerely-held religious beliefs; and

    b. She suffered an adverse employment action and was subjected to an increasingly hostile work environment based on her sincerely-held religious beliefs, including suffering an adverse employment action for same.

9. Defendant was at all material times an "employer" as defined by Title VII as it employed in excess of fifteen (15) employees.

10. Plaintiff was at all material times an "employee" as defined by Title VII.

11. Defendant is a Foreign Not for Profit Corporation that is registered to do business in the state of Florida, including, among other places, St. Lucie County, Florida.

## **GENERAL ALLEGATIONS**

12. Ms. Claudio-Diaz first applied for the position of Housing Counselor at NACA on October 7, 2020.

13. Late in the evening of March 19, 2021, Ms. Claudio-Diaz received an email from the email address jobs@naca.com informing her that she had been selected for an interview the very next day, on March 20, 2021- a Saturday.

14. Because Ms. Claudio-Diaz is an observant Black and Latino Hebrew Israelite, she cannot work on the Sabbath, which occurs weekly beginning at sundown on Friday and extending to sundown on Saturday.

15. Ms. Claudio-Diaz sent an email response that same evening expressing her keen interest in the position and inquiring whether NACA could accommodate her observance of the Sabbath by scheduling an interview with her on a day other than Saturday.

16. Ms. Claudio-Diaz received no response.

17. She followed up by calling NACA Headquarters; no one answered the phone call, so she left a voicemail reiterating the foregoing information and requesting that someone call her back.

18. Again, no one at NACA reached back out to her.

19. Ms. Claudio-Diaz nevertheless remained interested in employment at NACA and visited the company website again on May 4, 2021, noting on that date that the NACA website continued to advertise for the Housing Counselor position.

20. On that same date, Ms. Claudio-Diaz sent another email in which she reiterated her interest and inquired again as to whether NACA would accommodate her religious beliefs in its interviewing process.

21. The next morning, NACA Human Resources Generalist Saffron Walker-Jaggan ("Ms. Walker-Jaggan") sent Ms. Claudio-Diaz an email in which, after referring to Ms. Claudio-Diaz's

professed unavailability for an interview on a Saturday, Ms. Walker-Jaggan reminded Ms. Claudio-Diaz that "the [Housing Counselor] position requires you to work 2 weekends per month."

22. Ms. Walker-Jaggan closed the email by asking Ms. Claudio-Diaz to let her know if the latter was still interested in the position.

23. Ms. Claudio-Diaz gently reminded Ms. Walker-Jaggan that her unavailability for work on Saturdays was grounded in her religious beliefs, and in several responses suggested to Ms. Walker-Jaggan several potential reasonable accommodations: whether, for instance, she could agree to work all four Sundays in a month in lieu of two weekends.

24. Unfortunately for both NACA and Ms. Claudio-Diaz, however, Ms. Walker-Jaggan remained inflexible, insisting that Ms. Claudio-Diaz must first expressly agree to work the schedule described in the job description (i.e., agree to work two full weekends per month) before Ms. Walker-Jaggan would schedule an interview for her for the position.

25. NACA's refusal to engage in the interactive process and its blanket refusal of a reasonable religious accommodation are both direct evidence of religious discrimination.

26. Ms. Claudio-Diaz sent two final follow-up emails, one on May 5, 2021, and another on May 11, 2021, in which she objected to religious discrimination based on NACA's failure to offer her reasonable accommodation for her religious beliefs in its interviewing and hiring process.

27. In response to her objections, on May 18, 2021, Ms. Claudio-Diaz received a form email from jobs@naca.com thanking her for her interest in NACA and informing her that other candidates' qualifications had been deemed a better fit for NACA's needs than hers.

28. Ultimately, NACA failed to provide Ms. Claudio-Diaz a reasonable accommodation that was plainly and unambiguously intended to relieve her of the burden of choosing between employment and her religious convictions.

29. NACA, could easily have accommodated Ms. Claudio-Diaz's sincerely held religious

beliefs without experiencing any undue burden.

30. Plaintiff's non-hire constitutes an adverse action as defined by Title VII.

31. Plaintiff suffered an adverse action as a result of her religion.

32. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties with reasonable religious accommodation.

33. Plaintiff's disclosure of her religion and her need for religious accommodation are causally connected to her non-hire, and the temporal proximity between the two events is immediate.

34. Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination and retaliation and non-hire suffered by Plaintiff.

35. Plaintiff has suffered damages as a result of Defendant's illegal conduct towards her.

36. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

37. Plaintiff realleges and adopts the allegations contained in paragraphs 1-37 as if fully set forth in this Count.

38. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against religious discrimination under Title VII.

39. The discrimination to which Plaintiff was subjected was based on her religion and her need for religious accommodation.

40. Defendant unlawfully refused to offer a reasonable accommodation for Plaintiff's religious beliefs or practices, in violation of Title VII.

41. Title VII prohibits religious discrimination/retaliation in the workplace, and requires an employer to provide a reasonable accommodation when an employee's sincerely held religious beliefs, practices, or observance conflict with a work requirement, unless doing so would cause the employer an undue hardship. *See, e.g., Telfair v. Federal Express Corp.*, 934 F. Supp. 2d 1368, 1386 n.1 (S.D. Fla. 2013).

42. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

43. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

44. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

45. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

### COUNT II:  RETALIATION IN VIOLATION OF TITLE VII BASED ON RELIGION

46. Plaintiff realleges and adopts the allegations contained in paragraphs 1-37 as if fully set forth in this Count.

47. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII, and requesting reasonable accommodations.

6

48. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions, and requests for reasonable accommodations, based on religion.

49. Plaintiff's non-hire was in close temporal proximity to her objections to Defendant that she felt she was being discriminated against based on religion, and her requests for reasonable accommodations.

50. Plaintiff's objections, and request for reasonable accommodations constituted protected activity under Title VII.

51. Plaintiff's non-hire was a direct result of her request for reasonable accommodations, and objections.

52. Plaintiff's request for reasonable accommodations, her objections, and her non-hire, are causally related.

53. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

54. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

55. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

56. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

57. Plaintiff has no plain, adequate, or complete remedy at law for the actions of

Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, lost wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages, and attorneys' fees and costs.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 6th day of May, 2022.

By: *Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Rd. 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com